**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCUS AKIEM RICKETTS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVID E. ORTIZ,<br><br>　　　　Respondent. | Civil Action No. 20-7430 (RBK)<br><br><br>**OPINION AND ORDER** |

　　Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined, *with the following caveats*, that dismissal without an answer and the record is not warranted.

　　That said, the Court will *only* permit Petitioner's claims related to his disciplinary hearing and resulting sanctions to proceed.  As to Petitioner's request for monetary damages, under § 2241(c)(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . .. He is in custody in violation of the Constitution or laws or treaties of the United States."  In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

　　"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation

omitted).  "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action.  *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's request for monetary damages do not sound in habeas.  A petition for writ of habeas corpus seeks to challenge the fact or length of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  Petitioner's request for damages to "send a message" to Respondent, however, do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional.  (ECF No. 1, at 13).

Stated differently, because a finding in Petitioner's favor for monetary damages "would not alter [the length of] his sentence or undo his conviction," he cannot proceed on those claims by habeas petition.  *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 681 (3d Cir. 2009).

Consequently, to the extent that Petitioner seeks monetary damages, the Court will dismiss those claims for lack of jurisdiction, without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

Accordingly, IT IS on this  24th  day of July 2020,

**ORDERED** that to the extent the Petition seeks monetary damages, those claims are DISMISSED for lack of jurisdiction, without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court; and it is further

**ORDERED** that the Clerk shall serve a copy of the Petition, (ECF No. 1), and this Opinion and Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk shall forward a copy of the Petition, (ECF No. 1), and this Opinion and Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within sixty (60) days of the date of the entry of this Order, Respondent shall file and serve an answer which responds to the allegations and grounds in the Petition and which includes all affirmative defenses Respondent seeks to invoke; and it is further

**ORDERED** that Respondent shall file and serve with the answer certified copies of all documents necessary to resolve Petitioner's claim(s) and affirmative defenses; and it is further

**ORDERED** that within sixty (60) days of receipt of the answer, Petitioner may file a reply to the answer; and it is further

**ORDERED** that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

 s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge